# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANGEL A. DEL VALLE,**

    **Plaintiff,**

**vs.**                                    Case No. 4:23-cv-00002-MW-MAF

**SGT. BUSACK, ET AL,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This Cause is before the Court upon Plaintiff's "Motion for Injunction Against Retaliation." ECF No. 55. The Court liberally construes Plaintiff's filing as a motion for preliminary injunction. Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging Defendants retaliated against him by interfering with his communications with family and friends. ECF No. 23. A motion to dismiss the case, in part, because Plaintiff failed to exhaust his administrative remedies remains pending. ECF No. 34. An evidentiary hearing is scheduled for May 30, 2024, solely on the matter of exhaustion.

**I.  Plaintiff's Allegations in the Motion for Injunctive Relief.**

At the time Plaintiff filed the instant motion for injunctive relief, he was housed at Madison Correctional Institution ("C.I."). ECF No. 55, p. 2. Now, he is at Reception & Medical Center, Lake Butler, Florida. See ECF No. 56.

Plaintiff claims that Madison C.I. is an incentive prison for those inmates "who do not get into trouble." ECF No. 55, p. 1. Plaintiff was informed that he was going to be transferred even though he did not request a transfer and was not "in any trouble." Id. Plaintiff believes that a transfer is pending in retaliation for the current proceedings and because Plaintiff is assisting another inmate in a case also before this Court. Id. Plaintiff seeks an injunction preventing his transfer to another prison and claims a transfer would violate his constitutional rights and cause irreparable harm because there "are very few inmates who actually know what they are doing when it comes to litigating a case." Id., p. 2.

However, Plaintiff does not request any relief against any named defendant in this case nor does he raise any allegations against any named defendant. Id.

## II.   Standard of Review

It is within the sound discretion of the district court to grant or deny a preliminary injunction, which will not be disturbed absent a clear abuse of discretion. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). See also LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). The standard for issuing a preliminary injunction is the same as is required for a temporary restraining order. See California v. American Stores

Co., et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dep't of Agriculture, 734 F.2d 774 (11th Cir. 1984).

For Plaintiff to be entitled to a preliminary injunction, he must show:

1. a substantial likelihood of success on the merits;

2. the order is necessary to prevent irreparable injury;

3. the threatened injury outweighs the harm that the order would cause to the non-movant; and

4. the order is not adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); see also Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). District courts within the Eleventh Circuit are applying the standard set forth in Winter. See Madera v. Detzner, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing Winter as the governing standard for a preliminary injunction). A preliminary injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

> The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is 'irreparable' only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay,

> are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

<u>Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville</u>, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations and quotations omitted).

Typically, the individual or entity from whom the injunctive relief is sought must be a party to the underlying action. <u>See</u> <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842 (11th Cir. 1995); <u>see</u> Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

## III. Discussion

First, there is no substantial likelihood of success on the merits because no one is named in this motion for injunctive relief. The only Defendants in this case are Sgt. Busack and Sgt. Edward, neither of whom is referenced in the motion. <u>See</u> ECF No. 23, 25. The Secretary of the Florida Department of Corrections holds the authority to transfer prison assignments but is not a defendant in this case. This Court does not have the authority to

bind individuals who are not parties to this action (nor are they otherwise referenced in the complaint) with a preliminary injunction to intervene in Plaintiff's transfer to another prison.

In balancing potential harm to the parties, it weighs more heavily in favor of the prison officials because the issuance of the requested injunction would severely undermine the authority of correctional facilities. It is well settled that inmates do not have a constitutional right against being transferred to another institution, have no right to incarceration in a prison of their choice, and are not entitled to any prisoner- or status classification. Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018 (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976)); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976); cf. Beltran v. Smith, 458 U.S. 1303, 1305 (1982) (in a case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion.").

This Court should be hesitant to interfere with the administrative processes of a prison. "Granting the injunction would require the federal

courts to interfere in the administration of the jail and take over the management or treatment of a single inmate." Brown v. Anglin, 2016 U.S. Dist. LEXIS 158113, 2016 WL 6803133, at *2 (N.D. Fla. June 27, 2016), report and recommendation adopted sub nom. Brown v. Holland, 2016 U.S. Dist. LEXIS 158110, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016). "[C]ourts are ill-equipped to deal with" the complexities of prison administration. Lawson v. Singletary, 85 F.3d 502, 510 (11th Cir. 1996). Essentially, granting the relief requested by Plaintiff would provide the inmate with the means within which to dictate prison housing assignments. Prison assignments are a function wholly within the discretion of prison authorities. Olim, 461 U.S. at 245.

The Court is not unsympathetic to Plaintiff's concerns. However, because Plaintiff cannot satisfy all four prerequisites, his request for injunctive relief should be DENIED.

## IV. Conclusion and Recommendation

It is respectfully recommended that Plaintiff's motion for injunctive relief, ECF No. 55, be **DENIED WITH PREJUDICE**. It is further recommended that the case be remanded to the undersigned for further proceedings consistent with the order of the presiding judge.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2024.

                                              **s/ Martin A. Fitzpatrick**
                                              **MARTIN A. FITZPATRICK**
                                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).