IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION,

**ANGEL A. DEL VALLE,**

    Plaintiff,

vs.                                   CASE NO. 4:23-CV-00002-MW-MAF

**SGT. BUSACK, ET AL.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Angel A. Del Valle, an inmate proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Del Valle's third amended complaint is the operative complaint. ECF No. 22. Defendants moved to dismiss based on Del Valle's failure to exhaust his administrative remedies and because he fails to state a First Amendment claim. ECF No. 34. Del Valle filed a reply in opposition. ECF No. 43. After careful review, and an evidentiary hearing, the undersigned recommends that Defendants' motion to dismiss be denied for the reasons stated below and that the case proceed.

I.   **Del Valle's Third Amended Complaint, ECF No. 22.**

Del Valle sued Defendants Busack and Edwards solely in their individual capacities. ECF No. 22, pp. 1-3. According to Del Valle, he

submitted a request to the warden for another bunk. Id., p. 5. At the warden's direction, Defendant Busack carried out the request. Id. In retaliation for his request, Del Valle claims Defendants prohibited any communication between Del Valle and his family and friends from April 21, 2021, through January 14, 2022.[1] Id., pp. 5-6. Defendants denied Del Valle access to the J-Pay kiosk and tablet, phone, and mail. Id. Del Valle claims he "sought administrative remedies," which went unanswered. Id. At no time was Del Valle in confinement or under any disciplinary action. Id. Del Valle claims that the lack of communication caused him "serious mental anguish" because he did not know whether his family and friends "were alive, sick, or . . . died." Id.

Del Valle claims he filed another grievance on October 21, 2021, which was approved, but Defendants were insubordinate and did not reactivate his PINS for J-Pay and phone access. Id., p. 6. Defendants refused to allow Del Valle to communicate with family and friends through any means. Id., pp. 6-7. Busack retaliated by contacting J-Pay to "turn[] off" Del Valle's access

---

[1] In the first- and second amended complaints, Del Valle claimed the alleged retaliation began in October 2021. ECF No. 7, p. 5; ECF No. 20, p. 4. In the third amended complaint, Del Valle wrote "2001," which is likely a typographical error. The correct year is 2021 as evidenced by a grievance Del Valle filed on October 11, 2021. See ECF No. 58-1 a copy of which is attached to this Report. Del Valle was sentenced to life in prison in 2014, so the events could not have occurred in 2001. See Florida Department of Corrections, Corrections Offender Network at the following URL:

https://fdc.myflorida.com/OffenderSearch/Search.aspx?TypeSearch=AI.

Case No. 4:23-CV-00002-MW-MAF

and by deactivating his PIN for the phone. Busack enlisted Edwards to prevent Del Valle from contacting his friends and family.

Del Valle alleges Defendants violated his rights under the First- and Eighth Amendments. Id., p. 8. Del Valle seeks $50,000 in actual damages and $100,000 in punitive damages from each Defendant. Id.

## II. Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. Id. at 679. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555 (citation omitted). The factual allegations

must adequately "raise a right to relief above the speculative level." Id. (citations omitted). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), abrogated on other grounds by Mohamad v. Palestinian Auth., 566 U.S. 449 (2012).

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citing SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988)).

The PLRA requires a prisoner to exhaust his administrative remedies before filing a civil rights action. 42 U.S.C. § 1997(e); Porter v. Nussle, 534 U.S. 516, 524 (2002); Gould v. Owens, 383 F. App'x 863, 868 (11th Cir. 2010). There is no discretion to waive this requirement. Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008). The PLRA requires proper exhaustion in compliance with the procedural rules and deadlines of an institution's grievance system. Woodford v. Ngo, 548 U.S. 81, 90 (2006). The exhaustion requirement "reduces the quantity and improve[s] the quality of prisoner suits" and affords prison officials the opportunity to address complaints internally before a Section 1983 case is filed. Porter, 534 U.S. at 525. This

includes the filling of an appeal. Even if an appeal were futile, the requirement cannot be waived. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant, 530 F.3d at 1374 (quoting Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003)). Such a defense is treated "like a defense for lack of jurisdiction," although it is not a jurisdictional matter. Id. at 1374. It is "not generally an adjudication on the merits." Id.

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citing to Bryant, 530 F.3d at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related

to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373-74, 1376). The burden of proof for evaluating an exhaustion defense rests with the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); see also Turner, 541 F.3d at 1082-83.

Nonetheless, "[a] remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of its purpose. Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes, and so are not available." Turner, 541 F.3d at 1084 (quoting Goebert v. Lee Cty., 510 F.3d 1312, 1322-23 (11th Cir. 2007)). "Under § 1997e(a), the exhaustion requirement hinges on the "availab[ility]" of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016).

### III. Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint, ECF No. 34.

Primarily, Defendants argued the case should be dismissed for two reasons. First, Del Valle did not exhaust his administrative remedies prior to filing the instant lawsuit. ECF No. 34, pp. 3-4. Second, they argue that Del Valle's First Amendment claims fail because he does not have the right to

contact or speak to any person he desires. Del Valle was not engaged in speech that was constitutionally protected. Id., p. 4. Because Del Valle cannot show he was deprived of any federal right, Defendants are entitled to qualified immunity. Id., pp. 5-6.

Del Valle filed a response reiterating his claims and insisting that he did exhaust his administrative remedies and that Defendants must have thrown out the grievances or otherwise thwarted his ability to exhaust. ECF No. 43. An evidentiary hearing was held today on the matter of exhaustion.

## IV. Discussion

### A. FDOC Grievance Procedures

The Court begins with a discussion of the FDOC grievance procedure. FDOC provides a three-step grievance procedure: "(1) file an informal grievance with a designated prison staff member; (2) file a formal grievance with the institution's warden; and then (3) submit an appeal to the Secretary of the FDOC." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004); Fla. Admin. Code § 33-103.005-103.007. Informal grievances must be received by the designated prison official within twenty calendar days of the incident date. Fla. Admin. Code § 33-103.011(1)(a). To appeal the denial of an informal grievance, the prisoner must file a formal grievance within fifteen calendar days and attach the contested informal grievance. Id., §§ 33-

103.006(1)(a) & (g) and 33-103.011(1)(b)(1). To appeal the denial of a *formal* grievance (whether filed as the initial grievance or as the appeal of an informal grievance), the inmate must, within fifteen calendar days of receiving the denial, file a grievance appeal to the Secretary and attach the contested grievances. Id., §§ 33-103.007(1) & (5) and 33-103.011(1)(c).

If a grievance appeal is approved for further investigation and the inmate is issued a corrected formal grievance response, an inmate has not exhausted all of his available administrative remedies at that point. Specifically, "[i]f the grievance is returned to the institution or facility, or privatization commission for further investigation or response, the inmate may, following receipt of that response, re-file with the Office for the Secretary pursuant to Rule 33-103.007, F.A.C., if he is not satisfied with the response." Fla. Admin. Code 33-103.007. An inmate has an additional exhaustion opportunity where he may re-file an appeal of that amended response to the Secretary if he is unsatisfied with that new response and needs to do so to fully exhaust his available administrative remedies prior to initiating a lawsuit. See Fla. Admin Code 33-103.007(7).

Inmates must comply with the grievance procedure in order to satisfy the exhaustion requirement. Untimely and procedurally defective grievances do not satisfy the PLRA's exhaustion requirement. Woodford, 548 U.S. at

90-96; Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005).

    B. Plaintiff Exhausted the Internal Grievance Process

At the hearing, the Court asked Plaintiff one question: "In your complaint you said that on October the 21st, 2021, you filed a grievance and that that grievance was approved by the warden. Is that accurate.?" Del Valle responded, "Yes, I [did] . . ." Del Valle provided a copy of the informal grievance in which he reported retaliation and that he was not able to use the phone and kiosk. See Plaintiff's Exhibit 1 attached. After giving defense counsel opportunity to review the grievance, and without objection, the grievance was admitted. To provide defense counsel an opportunity to confirm the authenticity of the document, the Court took a recess and reconvened at the parties' request.

Defense counsel confirmed the grievance process and that Del Valle's grievance may "have gone through institutional mail," which is why there was no grievance number. Defense counsel also confirmed with Ms. Fowler, the prison official who signed the grievance, that she receives this type of grievance regularly and advised the Court this grievance was not apparently invented by Del Valle. The Court advised the parties, "I think it's sufficient to warrant the case to go forward past the motion to dismiss stage, defense

disagree with that?" Defense counsel responded, "I don't have any objection to that Your Honor."

Del Valle's grievance is legitimate and was approved; thus, he is not required to appeal. See Williams v. Dep't of Corr., 678 F. App'x 877, 881 (11th Cir. 2017) (Florida prisoner was not required to appeal from a grant of relief to exhaust his administrative remedies). Without objection from Defendants, the Court finds that Del Valle exhausted his administrative remedies.

C. Del Valle's First Amendment Claim Survives

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. See Crawford-El v Britton, 523 U.S. 574, 588 n.10, 592-93 (1998); Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (citations omitted). "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). To prevail on a claim of retaliation, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. See

Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Defendants maintain that there is no First Amendment violation because Del Valle does not have the right to communicate with whomever he wants. ECF No. 34. However, that is not Del Valle's claim. Del Valle claims Defendants retaliated against him for filing a grievance about a bunk change. ECF No. 22. Defendants carried out that *retaliation* by limiting Del Valle's ability to communicate with his family and friends through the J-Pay kiosk, phone, and mail for months. Id. Accepting the facts alleged in the complaint as true, Del Valle states a plausible claim that Defendants retaliated against him in violation of the First Amendment. Accordingly, this case should proceed.

## V. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 34, be **DENIED**. The First Amendment claims against Defendants Busack and Edwards should **PROCEED**; and the case should be remanded to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on May 30, 2024.

                                s/ Martin A. Fitzpatrick
                                **MARTIN A. FITZPATRICK**
                                **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

# STATE OF FLORIDA
# DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: Taylor CI-M.lll

| TO: (Check One) | ☒ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

FROM:
| Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| Del Valle Angel A. | M-88523 | E2-105S | I/G. | 10-11-21 |

**REQUEST**   Check here if this is an informal grievance ☒

On Monday oct 4-21, I sweech bunk with another Inmate, move from 146S to 105S, Tuesday (oct 5-21) I try to conect to the Kia to sink my tablet and (is a message there that say- Sorry the sistem does not recognize that this is your Facility/Dorm, if you recently move, please wait 24 hours and try again) already pass 7 days and still can't use the Kia and the Phone. I'm in FCB program, no come from other Dorm or another prison to happen this. The person who sweech the bunk with me, no have any problem to conect to Kia or use the Phone. I never have this problem or any other with officer, institution or any Inmate. I fel like, my privelege are violated. Thank for your help. God bless you.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature]   DC#: M-88523

---
**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   DATE RECEIVED: _____

The issue has been emailed to JPay/Securus. Awaiting response to fix the issue.
CS# 04658113

**PLAINTIFFS EXHIBIT 1** 4:23 cv 2

FILED IN OPEN COURT ON 5/30/24 cm
United States District Court
Northern District of Florida

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Approved_ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): T. Fowler   Official (Signature): [signature]   Date: 10/12/21

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.